DONNA J. GROW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grow v. Commissioner
Docket No. 2503-80.
United States Tax Court
T.C. Memo 1981-588; 1981 Tax Ct. Memo LEXIS 155; 42 T.C.M. (CCH) 1395; T.C.M. (RIA) 81588; October 8, 1981. Donna J. Grow, pro se. Alan J. Pinner, for the respondent. PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1976 in the amount of $ 352. The principal issue for decision by the Court is whether or not petitioner is entitled to a dependency exemption for her mother under sections 151(e) and 152(a). [1] That in turn will determine whether or not she can deduct under section 213(a)(1) *156 the medical expenses that she incurred for her mother. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time she filed her petition in this case, petitioner maintained her legal residence at 16229 Cornuta, Bellflower, California. She timely filed her Federal income tax return for the taxable year 1976. During 1976, petitioner was employed as a billing clerk with the American Building Maintennce Company in Los Angeles, California, and received gross wages in the amount of $ 8,504. The amounts and sources of her income or other funds for the year 1976 were as follows: Cash on hand at beginning
of year
$ 447.00
Net wages (gross wages less
Federal withholding, state
withholding, and F.I.C.A.)
6,677.68
Federal income tax refund
863.00
State income tax refund
127.00
Total:
$ 8,114.68
*157 She received no alimony or child support payments and had no savings or other sources of taxable income. During 1976 petitioner lived with her mother and her 13-year-old son. She was the sole source of support for her son. In 1976 her mother was 69 years old, in ill health, and had not been employed since 1962. The mother received an amount of at least $ 1,910 in social security payments for the year and had some of her medical expenses paid by medicare. The mother had no other source of income or support except her social security payments and petitioner. During 1976 the mother gave a portion of her social security payments to petitionr for household expenses and for the mother's own expenses. Petitioner paid at least $ 1,460.40 for her mother's medical expenses in 1976. The total household expenses for petitioner, her mother, and her son were as follows: Food
$ 5,200
Rent
3,000
Utilities
912
Total
$ 9,112
Petitioner also made car payments of at least $ 927 in 1976, and paid medical expenses for herself and her son of $ 930.89, in addition to the medical expenses for her mother, referred to above. Petitioner claimed her mother and her son as *158 her dependents on her 1976 Federal income tax return. Respondent disallowed the dependency exemption for the mother on the ground that petitioner had not established that she furnished more than half of the support for her mother that year. OPINION For the year 1976 section 151(e)(1)(A) allowed an exemption of $ 750 for certain dependents whose gross income was less than $ 750, and section 152(a) included a taxpayer's mother within that category of dependents. However, under section 152(a) the taxpayer must establish that she provided over half of the parent's support. We note that social security benefits, such as petitioner's mother received, are counted for purposes of determining under section 152(a) the total support received by the parent, but are not counted for the $ 750 gross income limitation of section 151(e)(1)(A). [3] Thus the question here is whether or not petitioner furnished more than half of her mother's support for the year. That is purely a question of fact and depends upon the amount of social security benefits the mother received. Since the mother's only sources of support were her daughter and her social security, the amount of those social security *159 payments becomes the critical item in this case. Petitioner paid medical expenses of $ 1,460.40 for her mother in 1976. That plus the mother's proportionate (one-third) share of total food, rent, and utilities expense (1/3 of $ 9,112 = $ 3,037.33) amount to at least $ 4,497.73 allocable to the mother's support. If the mother received a total of only $ 1,910 social security payments for the year, as petitioner claimed at the trial, then petitioner clearly furnished more than half of her support, even if the mother devoted the entire $ 1,910 to her own support. Unfortunately, the record in regard to the total amount of social security payments received by the mother is most unsatisfactory. *160 Petitioner's testimony in regard to the amount of social security her mother received during the year was somewhat confusing and conflicting. Initially petitioner told the Court that her mother received total social security payments of $ 1,910 for the year. Then on cross examination, she agreed with respondent's counsel that her mother turned over at least $ 1,900 of her social security payments to her. The figure of $ 1,910 as the mother's contribution to her own support was used on petitioner's tax return and also used in petitioner's computation at the trial. When questioned by the Court, petitioner clarified that some $ 1,900 was the total amount of social security payments that her mother received for the whole year, and that only $ 1,500 of that amount was turned over to petitioner and used for the mother's support. However, petitioner candidly admitted that she was just estimating what her mother received from social security, that her mother cashed her own social security checks, and that she (petitioner) did not have any record of those checks. On this state of the record, we could simply conclude that petitioner has not carried her burden of proof to establish the *161 amount her mother received from social security. While petitioner's testimony is not entirely clear, any inconsistencies are more apparent than real. When her attention was specifically directed to the matter of the total amount of social security payments her mother received during the year, petitioner testified unequivocally that her mother received a total of about $ 1,910. The matter is not wholly free of doubt, but we conclude that the mother received approximately $ 1,910 from social security and that petitioner provided over half of her mother's support for the year. [4]
*162 Petitioner is entitled to a dependency exemption for her mother and thus is also entitled to deduct the medical expenses she incurred for ther mother. Section 213(a)(1). To reflect the stipulations and holdings, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved. ↩
2. A third issue as to petitioner's interest deduction was agreed to at the trial, and petitioner is entitled to a total interest deduction of $ 412.↩
3. That is because social security payments are excludable from gross income. See . We also note that here petitioner's mother received some medical benefits under medicare. However, such benefits are not counted in determining total support under section 152(a). ; , affd. .↩
4. Arguing against that conclusion, respondent points out that petitioner's substantiated expenditures for the year plus itemized deductions allowed by respondent and estimated expenditures for the mother's support amount to some $ 14,853.29, far more than petitioner's available funds. From that respondent concludes that the mother must have been receiving far greater social security payments than the $ 1,910 claimed. We think other inferences are possible. We are satisfied that petitioner's estimates for her mother's items of support were greatly exaggerated. Even so, petitioner's funds of $ 8,114.68 plus the $ 1,910 social security payments add up to only $ 10,024.68, and that is $ 2,405.61 less than petitioner's bare-bones expenditures as set out in the findings of fact. This shortfall is not explained in the record. While the Court has found that petitioner had no other sources of taxable income, it may well be that petitioner received nontaxable gifts. In any event, we are unwilling to reject petitioner's testimony, which we found to be generally credible and forthright, merely because petitioner did not explain this shortfall. She was not asked to explain the seeming economic miracle of supporting three people on her meager resources.↩